

I N T H E

# Court of Appeals of Indiana

Lloyd N. Jelks,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

FILED

Jan 30 2026, 10:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

January 30, 2026

Court of Appeals Case No.
25A-CR-1971

Appeal from the Marion Superior Court

The Honorable Amy M. Jones, Judge

Trial Court Cause No.
49D34-2503-CM-7929

**Opinion by Judge Altice**
Judges May and Foley concur.

**Altice, Judge.**

## Case Summary

Lloyd N. Jelks appeals his conviction for refusal to provide identification information, a Class C misdemeanor, challenging the sufficiency of the evidence. Specifically, Jelks contends that there was no evidence that he "knowingly or intentionally" refused to identify himself to a police officer. *Appellant's Brief* at 9.

We affirm.

## Facts and Procedural History

On March 7, 2025, Officer Cullain Reneski of the Indianapolis Metropolitan Police Department (IMPD) was on patrol near 38th Street and Keystone Avenue in Indianapolis when he observed an individual, later identified as Jelks, driving a vehicle with a fictitious license plate that read, "PRIVATE." *Transcript Vol. II* at 13. The top of the plate stated, "No driver's license or insurance required," and the bottom read, "Not for hire for commerce [sic] use." *Id.*

Officer Reneski stopped the vehicle, identified himself, and informed Jelks that he stopped him for an infraction.[1] Officer Reneski asked for Jelks's

---

[1] Officer Reneski acknowledged at trial that based on his training and experience, the plate on the vehicle was not one that was issued by the Indiana Bureau of Motor Vehicles (BMV). Ind. Code § 9-18.1-2-3(2) states that a vehicle may not be operated on the highway unless it "displays proof of registration in accordance with this article." Proof of registration includes a license plate, a registration decal or sticker issued by the BMV, a certificate of registration, or other indication of registration issued by the BMV. I.C. § 9-18.1-1-5. It is a Class C infraction to use or operate a vehicle on a highway if it displays "a license plate belonging to any other vehicle" or a "fictitious registration number." I.C. § 9-18.1-4.-5.

identification and registration, whereupon Jelks handed Officer Reneski an "exercise your rights" form that included an assertion concerning "Freedom from Government." *Id.* at 13, 15.

[5] Officer Reneski again told Jelks why he stopped him and requested that Jelks identify himself. After Jelks refused to do so, Officer Reneski told Jelks that if he identified himself, he would only receive a citation, and the vehicle would be towed.[2] Officer Reneski then told Jelks that if he did not identify himself, he would be arrested. When Jelks again refused, Officer Reneski arrested him. A search incident to arrest revealed that Jelks had a valid State of Indiana identification card (State Id) in his wallet that he did not provide to Officer Reneski.

[6] On March 8, 2025, the State charged Jelks with refusal to provide his identification information, a Class C misdemeanor, and operating a motor vehicle with a fictitious plate, a Class C infraction. At a bench trial that commenced on July 15, 2025, Jelks admitted that he had a State Id in his wallet and that he did not produce it to Officer Reneski. Jelks claimed that he "was observing [his] rights, and [he]did not have to identify [himself]." *Id.* at 20.

---

[2] A law enforcement officer who "discovers a vehicle operated in violation of" registration requirements is authorized to "take the vehicle into the officer's custody" and/or "cause the vehicle to be taken to and stored in a suitable place" until a proper registration and license plate for the vehicle are procured. *See* I.C. § 9-18.1-2-10.

Jelks further testified that he was "not committing a crime" and that he was not required to identify himself "[a]ccording to [his] constitutional rights." *Id.*

[7] The trial court found Jelks guilty as charged and sentenced Jelks to sixty days in jail, all suspended. Judgment was also entered against Jelks on the infraction, whereupon the trial court ordered him to provide proof of insurance and to obtain a driver's license within forty-five days.

[8] Jelks now appeals.[3]

## Discussion and Decision

[9] Our standard of review regarding sufficiency of the evidence claims is well-settled:

> Sufficiency-of-the-evidence claims . . . warrant a deferential standard, in which we neither reweigh the evidence nor judge witness credibility. Rather, we consider only the evidence supporting the judgment and any reasonable inferences drawn from that evidence. We will affirm a conviction if there is substantial evidence of probative value that would lead a reasonable trier of fact to conclude that the defendant was guilty beyond a reasonable doubt.

*Powell v. State*, 151 N.E.3d 256, 262-63 (Ind. 2020) (internal citations omitted).

[10] In this case, the State was required to prove that Jelks "knowingly or intentionally refuse[d] to provide either [his] name, address, and date of birth;

---

[3] Jelks does not challenge the entry of judgment on the infraction.

or [his] driver's license . . . to [Officer Reneski] who . . . stopped [Jelks] for an infraction or ordinance violation." Ind. Code § 34-28-5-3.5. The evidence at trial established that Officer Reneski explained to Jelks that he stopped him for committing an infraction and asked Jelks to identify himself. Jelks refused to comply and instead handed Officer Reneski an "exercise your rights" card that included an assertion about "Freedom from Government." *Transcript Vol. II* at 13, 15. Jelks continued to refuse to identify himself after Officer Reneski asked him to do so several more times. Jelks was then arrested for failing to identify himself even though he had a valid State Id in his wallet and could have easily produced it for Officer Reneski.

[11] Jelks contends that he would have provided his identification eventually "after he had a conversation [with Officer Reneski] about what he believed were his rights." *Appellant's Brief* at 9. The record, however, demonstrates that there was nothing but for Jelks's own persistent behavior that prohibited him from handing Officer Reneski his identification or from stating his "name, address, and date of birth," which is what the statute minimally requires. *See* I.C. § 34-28-5-3.5(1). Moreover, Jelks's motive for refusing to give identifying information is irrelevant, in that the statute merely requires evidence that a driver knowingly or intentionally failed to identify himself to a law enforcement officer. *Id.* The State presented sufficient evidence to support Jelks's conviction.

[12] Judgment affirmed.

May, J. and Foley, J., concur.

ATTORNEYS FOR APPELLANT

Talisha R. Griffin
Indianapolis, Indiana

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General

Michelle Hawk Kazmierczak
Deputy Attorney General
Indianapolis, Indiana